UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:14-cv-2220 TLN AC (TEMP) P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

Presently before the court are seven motions for temporary restraining orders and/or preliminary injunctive relief filed by plaintiff between November 16, 2015 and December 10, 2015.[1]  (See ECF Nos. 33, 34, 36, 37, 38, 39, 41.)  For the reasons set forth below, it is recommended that these motions be denied.

I.   Background

In his complaint, plaintiff alleges that he suffers from a hearing impairment, but does not read lips or know sign language, and therefore requires communication in writing.  According to

---

[1] Six of these motions are titled "motion for injunctive relief," and the seventh (ECF No. 38) as a "motion for a court order."  Upon inspection, it appears that all of them are most appropriately characterized as motions for temporary restraining orders, and consequently, are referred to as such herein.

1

plaintiff, he was not afforded effective communication in writing at a prison disciplinary hearing held at California State Prison-Sacramento ("CSP-SAC"), and as a result, was found guilty of a rules violation on May 4, 2012.  (ECF No. 1 at 34-35.)  Plaintiff claims that defendants' actions violated the ADA.  The underlying rules violation report issued on April 11, 2012.  (Id. at 26.)

On August 7, 2015, the magistrate judge previously assigned to this matter screened plaintiff's complaint and determined that it stated potentially-cognizable claims against defendants Warden Tim Virga, Correctional Lieutenant R. Kramer, and Correctional Officer J. Tuers.  (See ECF No. 21.)  At all pertinent times, the named defendants were employed at CSP-SAC, where plaintiff is presently housed.

The court now turns to plaintiff's motions for temporary restraining orders.

II.     Standard

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir.2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").  The moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in

1 the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir.
2 2011) (internal quotation omitted).  Under either formulation of the principles, preliminary
3 injunctive relief should be denied if the probability of success on the merits is low.  See Johnson
4 v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the
5 balance of hardships tips decidedly in favor of the moving party, it must be shown as an
6 irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l
7 Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

III.   Analysis

   A.  November 16, 2015 motion (ECF No. 33)

In a motion filed on November 16, 2015, plaintiff alleges that, in retaliation for his filing of the instant lawsuit, (i) he is being denied clean linens, (ii) he is being wrongfully held in "the only Medical Housing Unit in [CSP-SAC]," with attendant restrictions placed on his out-of-cell activity, including law library access, and (iii) he has been transferred from California Medical Facility ("CMF") to CSP-SAC.  (ECF No. 33 at 1-2, 3-4.)  Plaintiff seeks an order directing that (i) defendant Tuers and one Lieutenant Kramer have no contact with him, (ii) he be provided the same opportunities for out-of-cell activity provided to inmates in protective custody, and (iii) he be transferred to CMF within thirty days.

Plaintiff's motion should be denied.  Plaintiff's allegations, taken as true, fail to show that he plaintiff is "likely to suffer irreparable harm in the absence of preliminary relief." See Winter, 555 U.S. at 20.  Denial of clean linens, activity restrictions, and transfer to an institution that plaintiff finds undesirable, do not constitute irreparable harm.[2]  Absent a showing of a likelihood of irreparable harm, the court cannot enter the injunctive relief that plaintiff seeks.

---

[2] Plaintiff is hereby informed the Constitution generally does not guarantee a prisoner placement in a particular prison or protect an inmate against transfer from one institution to another.  Olim v. Wakinekona, 461 U.S. 238, 248 (1983); Meachum v. Fano, 427 U.S. 215, 223-25 (1976).

3

Plaintiff concludes his moving papers with a statement that "Defendants will set Plaintiff up to be 'MURDERED!' Out of 'RETALIATION' for this 'COURT ACTION'" (sic) and seeks an order that would place him in the "Custody of the 'COURT[.]'" (sic) (ECF No. 33 at 4.) However, plaintiff fails to in any way substantiate the contention that he may be murdered. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). Finally, the court is uncertain what relief plaintiff is seeking in moving to be placed in the "custody of the court," and therefore cannot grant the requested order.

Accordingly, the undersigned recommends that plaintiff's motion for a temporary restraining order, filed November 16, 2015 (ECF No. 33), be denied.

B.  November 18, 2015 motion (ECF No. 34)

In a motion filed on November 18, 2015, plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") "has Delayed the Processing of Plaintiffs CDCR 602 or has lost it." (sic) (ECF No. 34 at 1.)  Plaintiff refers the court to a CDCR Form 602, apparently signed by plaintiff on January 1, 2015, attached as an exhibit to his moving papers.  (Id. at 6.)  In this Form 602, plaintiff complains as follows: "(1) Lieutenant D. Rodgers falsified the RVR.  (2) I do not have or wear Hearing Aids, (3) I made "NO" Statement to Lt. D. Rodgers. (4) I'm entitled to Staff Assistance. (5) I am" (sic) (Id.)  Attached as an exhibit to the Form 602 is a Rules Violation Report ("RVR"), dated November 25, 2014, that describes an incident in which plaintiff allegedly dumped a cup of urine on the floor of his prison dormitory.  (Id. at 8-18.)  It appears from the RVR that plaintiff was found guilty of the charged rules violation.  (Id.)

Plaintiff now moves the court for an order expunging the RVR from his central file and from CDCR records.

Such an order is beyond the scope of temporary injunctive relief available in this action. As the RVR plaintiff is challenging in the instant motion was issued on November 25, 2014, i.e., after plaintiff's complaint was filed on September 24, 2014, it appears that the RVR has no relation to the substance of this action.  "A preliminary injunction, of course, is . . . a device for

4

preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Expunging the November 25, 2014 RVR, then, is unnecessary to the preservation of the status quo in this matter. Further, plaintiff has failed to show that he is "likely to suffer irreparable harm" if the requested expungement is not immediately granted. Winter, 555 U.S. at 20.

Plaintiff also claims that defendants "are Denying Plaintiff his Rights to access the Law Library" in retaliation for his filing of the instant action. (ECF No. 34 at 2.) Plaintiff moves the court for an order directing defendants to provide him with twice-weekly access to the prison law library. (Id.) As there are no filing deadlines pending in this action, plaintiff has failed to establish a need for law library access, in other words, that he is "likely to suffer irreparable harm in the absence of preliminary relief . . . ." Winter, 555 U.S. at 20.

It is therefore recommended that plaintiff's motion for a temporary restraining order, filed November 18, 2015 (ECF No. 34), be denied.

C. November 24, 2015 motion (ECF No. 36)

In a motion filed on November 24, 2015, plaintiff claims that he was assessed an RVR on March 16, 2014. He alleges that, at the attendant disciplinary hearing, he was not given the warning mandated in Miranda v. Arizona, 384 U.S. 436 (1966), or provided with counsel as guaranteed by Gideon v. Wainwright, 372 U.S. 335 (1963). (ECF No. 36 at 1.) Plaintiff seeks an order expunging the RVR. (Id. at 3.)

Plaintiff is hereby informed that prison disciplinary hearings are not criminal prosecutions, and prisoners charged with disciplinary violations are not entitled to the full panoply of Constitutional rights afforded to individuals who are, e.g., interrogated while in police custody or charged with a crime. Wolff v. McDonnell, 418 U.S. 539 (1974). Plaintiff's motion is therefore meritless.

Plaintiff also claims that his rights under Miranda and Gideon, as well as his right to effective communication under the ADA, were violated in another disciplinary hearing, based on an RVR apparently issued on March 16, 2014. (Id. at 3, 39.) Plaintiff seeks an order expunging this second RVR as well.

5

In his complaint, plaintiff challenges procedures at a disciplinary hearing held on May 4, 2012. (ECF No. 1 at 34-35.) As the RVR plaintiff is challenging in the instant motion appears to have been issued on March 16, 2014, it appears that this RVR has no relation to the substance of this action. "A preliminary injunction, of course, is . . . a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, 739 F.2d at 1422. Expunging the March 16, 2014 RVR is simply unnecessary to the preservation of the status quo in this matter. Further, plaintiff has failed to show that he is "likely to suffer irreparable harm" if the requested expungement is not immediately granted. Winter, 555 U.S. at 20.

Accordingly, it is recommended that plaintiff's motion for a temporary restraining order, filed November 24, 2015 (ECF No. 36), be denied.

D. November 25, 2015 motion (ECF No. 37)

Plaintiff's moving papers in support of his November 25, 2015 motion for a temporary restraining order are identical to those for his November 24, 2015 motion. (Compare ECF No. 36 at 1-3 to ECF No. 37 at 1-3.) The only difference between the two motions is that the November 25 filing includes an additional 24 pages of exhibits, none of which are sufficient to change the analysis of the merits of the November 24, 2015 motion, above.

It is therefore recommended that plaintiff's motion for a temporary restraining order, filed November 25, 2015 (ECF No. 37), be denied for the same reasons justifying dismissal of plaintiff's motion filed on November 24, 2015 (ECF No. 36).

E. December 2, 2015 motion (ECF No. 38)

In a motion filed on December 2, 2015, plaintiff alleges that, in retaliation for filing this action, he is being confined to his cell, and denied law library access, visitation privileges, and recreational activities. (ECF No. 38 at 1.) Plaintiff seeks a temporary restraining order directing CSP-SAC's Warden to provide plaintiff with "(1) . . . 'Physical Access' to the Law Library[,] (2) For Legal Research, (3) Legal Copies, (4) Legal Supplies[, and] (5) 'Court Order' Defendants and Arno Nappi[3] with a Permanent 'NO' Contact Court Order with Plaintiff." (sic) (Id. at 2.)

---

[3] Nappi is described as both a law librarian and a defendant in this action. (ECF No. 38 at 2.) Plaintiff is advised that Nappi is not a named defendant herein.

1      Plaintiff has simply failed to establish that he is "likely to suffer irreparable harm in the
2 absence of preliminary relief . . . ." Winter, 555 U.S. at 20.  As there are no filing deadlines
3 pending in this action, plaintiff has failed to establish an immediate need for law library access,
4 legal research, legal copies, and legal supplies.  And he has provided no basis whatsoever for
5 issuing the no-contact order that he seeks.

6      Plaintiff also claims that defendants "are 'ATTEMPTING TO CAUSE PLAINTIFFS
7 DEATH' by giving Plaintiff MEDICATION for 'DEMENTIA' that Plaintiff does 'NOT' have!"
8 (sic) (Id. at 3.)  However, plaintiff's contention that he does not have dementia is flatly
9 contradicted by his prior allegations, first, in his complaint, that "Plaintiff has 'DEMENTIA'!"
10 (sic) (ECF No. 1 at 4), and, second, in his motion filed November 16, 2015, that "Plaintiff has
11 'DEMENTIA'" (sic) and that defendants are not treating this condition (ECF No. 33 at 3).

12      Federal Rule of Civil Procedure 11(b) provides in pertinent part that "[b]y presenting to
13 the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or
14 later advocating it – an . . . unrepresented party certifies that to the best of the person's
15 knowledge, information, and belief, formed after an inquiry reasonable under the
16 circumstances: . . . [that] the factual contentions have evidentiary support . . . ."  Fed R. Civ. P.
17 11(b)(3).  It is evident that plaintiff has violated this Rule, either in his earlier filings (in claiming
18 to suffer from dementia) or in his December 2, 2015 motion (in claiming not to suffer from
19 dementia).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should
20 not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek
21 v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  Plaintiff relies solely
22 on the allegation that he does not suffer from dementia, and offers no other records, declarations,
23 or other evidence in support of this assertion.  By contradicting his earlier filings in this action,
24 and lacking other evidence, plaintiff simply fails to meet the requisite burden of persuasion for a
25 temporary restraining order.  Moreover, plaintiff once again seeks an order "Plac[ing him] into
26 the 'Protective Custody of the Court'." (sic) (ECF No. 38 at 3).  The court remains uncertain as to
27 what relief plaintiff is seeking, and therefore cannot grant the order that plaintiff seeks.

28      For these reasons, the court recommends that that plaintiff's motion for a temporary

7

1  restraining order, filed December 2, 2015 (ECF No. 38), be denied.

2       F.  December 7, 2015 filing (ECF No. 39)

3       In a motion filed on December 7, 2015, plaintiff alleges that he is innocent of the

4  allegations in an RVR dated March 3, 2015.  (ECF No. 39 at 1, 13.)  Plaintiff again claims that

5  defendants violated his rights under Miranda, 384 U.S. at 436, and that he was not provided

6  effective communication in writing at a disciplinary hearing, in violation of the ADA and the

7  Rehabilitation Act of 1973.  (Id. at 3.)  Plaintiff also alleges that he is being denied access to the

8  prison law library, legal copies, legal research, and legal supplies.  (Id.)

9       The only remedy sought is described in the caption of the motion as follows:

10  "INJUNCTIVE RELIEF.  COURT ORDER RVR REMOVED FROM PLAINTIFFS FILES."

11  (sic) (Id. at 1.)

12       As previously discussed, plaintiff's complaint challenges procedures at a disciplinary

13  hearing held on May 4, 2012.  (ECF No. 1 at 34-35.)  As the RVR plaintiff is challenging in the

14  instant motion is dated March 3, 2015, it would appear that this RVR has no relation to the

15  substance of this action.  "A preliminary injunction, of course, is . . . a device for preserving the

16  status quo and preventing the irreparable loss of rights before judgment."  Sierra On-Line, 739

17  F.2d at 1415.  It is simply unnecessary to expunge the March 16, 2014 RVR in order to preserve

18  the status quo in this matter.  Further, plaintiff has failed to show that he is "likely to suffer

19  irreparable harm" if the requested expungement is not immediately granted.  Winter, 555 U.S. at

20  20.

21       Accordingly, the court recommends that that plaintiff's motion for a temporary restraining

22  order, filed December 7, 2015 (ECF No. 39), be denied.

23       G.  December 10, 2015 motion (ECF No. 41)

24       In a motion filed on December 10, 2015, plaintiff alleges various procedural due process

25  violations during a disciplinary hearing on an RVR.  (ECF No. 41 at 1-4.)  The RVR in question

26  was allegedly filed on June 28, 2010.[4]  (Id. at 2.)

---

[4] An RVR dated June 30, 2010 is attached as an exhibit to the motion.  (See ECF No. 41 at 17.)  It is unclear whether this is the RVR to which plaintiff refers.

1    The only remedy plaintiff seeks is described in the caption of the motion as:
2    "INJUNCTIVE RELIEF. COURT ORDER RVR'S REMOVED FROM PLAINTIFFS FILES."
3    (sic) (Id. at 1.)

4    As previously noted, the complaint challenges procedures at a disciplinary hearing held on
5    May 4, 2012. (ECF No. 1 at 34-35.) As the RVR plaintiff is challenging in the instant motion
6    was apparently issued in 2010, it would appear that this RVR has no relation to the substance of
7    this action. "A preliminary injunction, of course, is . . . a device for preserving the status quo and
8    preventing the irreparable loss of rights before judgment." Sierra On-Line, 739 F.2d at 1415.
9    Expunging an RVR issued in 2010 is simply unnecessary to preserve the status quo in this matter.
10   Further, plaintiff has failed to show that he is "likely to suffer irreparable harm" if the requested
11   expungement is not immediately granted. Winter, 555 U.S. at 20.

12   Accordingly, the court recommends that that plaintiff's motion for a temporary restraining
13   order, filed December 10, 2015 (ECF No. 41), be denied.

14   IV.   Conclusion

15   Plaintiff filed seven apparently-meritless motions for temporary restraining orders in less
16   than a month. In so doing, he placed a significant drain on this court's resources. "Judges in the
17   Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to
18   devote inordinate time and resources to individual cases and matters." Cortez v. City of
19   Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014). Plaintiff is hereby cautioned that if he
20   continues to make meritless or frivolous filings, the court may issue an order limiting his ability
21   to make continued filings in this case.

22   For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's
23   motions currently docketed at ECF Nos. 33, 34, 36, 37, 38, 39, and 41 be DENIED.

24   These findings and recommendations are submitted to the United States District Judge
25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
26   after being served with these findings and recommendations, any party may file written
27   objections with the court and serve a copy on all parties. Such a document should be captioned
28   "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 23, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE