UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:14-cv-2220 TLN AC P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed his seventh request for appointment of counsel. (See ECF Nos. 3, 12, 13, 14, 15, 23). Each of these previous requests was denied. (ECF Nos. 16, 17, 24.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel because he has dementia; he is hearing, mobility, and vision impaired; and he is being denied daily access to the law library.  The court, however, does not find the required exceptional circumstances here.  Not only does plaintiff fail to support his claim of dementia with any medical documentation, but his pleading is premised on his ability to communicate effectively in written form despite his various impairments.  Furthermore, plaintiff does not have a right to daily access to the law library.  See Lewis v. Casey, 518 U.S. 343, 346 (1996).  The undersigned notes that plaintiff has demonstrated an adequate ability to write and articulate his claims pro se, he has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them, and, lastly, he has not shown a likelihood of success on the merits aside from his conclusory statements that his case has merit.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 29, 2016, motion for the appointment of counsel (ECF No. 55) is denied.

DATED: June 2, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE