UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:14-cv-2220 TLN AC (TEMP) P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

On June 2, 2016, the undersigned denied plaintiff's seventh motion for appointment of counsel for several reasons, including that his claim of dementia was unsupported by any medical records. ECF No. 56. Plaintiff has now filed objections to that order, which the court construes as a motion for reconsideration. ECF No. 59. Plaintiff has also filed his eighth motion for appointment of counsel. ECF No. 57. In both of these filings, plaintiff again claims that he has dementia and "HORRIBLE MEMORY" caused by two brain surgeries, and he submits medical documentation in support.[1]

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are

---

[1] Plaintiff claims that these documents are his only copies of his medical records. Accordingly, the undersigned will direct the Clerk of Court to return these documents to plaintiff.

1

committed to the discretion of the trial court.  <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The documents attached to plaintiff's objections include a December 2014 Primary Care Provider Progress Note reflecting that plaintiff was to be referred "for a dementia specialist for a brain trauma (s/p brain surgery) type dementia."  ECF No. 59 at 14.  Having considered this document and the two others dating from 2008, the court once again finds that exceptional circumstances have not been presented that would require the appointment of counsel.  The court notes that, notwithstanding his dementia and memory problems, plaintiff is able to file numerous motions supported by legal argument, he is able to file objections to court orders, and he is able to properly articulate his claims.  Thus, plaintiff fails to meet the requirements for granting a motion for reconsideration.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 13, 2016, motion for reconsideration (ECF No. 59) is denied;

2. Plaintiff's June 10, 2016, motion for the appointment of counsel (ECF No. 57) is denied; and

3. The Clerk of Court is directed to return to plaintiff the documents attached to his June 13, 2016, objections (ECF No. 59).

DATED: June 30, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE