UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:14-cv-2220 TLN DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

Presently before the court are nine motions for temporary restraining orders and/or preliminary injunctive relief filed by plaintiff between December 23, 2015, and July 25, 2016.[1] (See ECF Nos. 43, 44, 45, 46, 48, 51, 52, 62, 64.) For the reasons set forth below, it is recommended that these motions be denied.

**I.   Background**

In his complaint, plaintiff alleges that he suffers from a hearing impairment, but does not

---

[1] Six of these motions (ECF Nos. 43, 44, 45, 46, 48, 51) are titled "motion for injunctive relief," one (ECF No. 52) is titled a "motion to be placed in the protective custody of the court," one (ECF No. 62) is titled a "motion for court order," and one (ECF No. 64) is titled a "motion for protection from the court." Upon inspection, it appears that all of them are most appropriately characterized as motions for temporary restraining orders, and consequently, are referred to as such herein.

1

1   read lips or know sign language, and therefore requires communication in writing.  According to
2   plaintiff, he was not afforded effective communication in writing at a prison disciplinary hearing
3   held at California State Prison-Sacramento ("CSP-SAC"), and as a result, was found guilty of a
4   rules violation on May 4, 2012.  (ECF No. 1 at 34-35.)  Plaintiff claims that defendants' actions
5   violated the ADA.  The underlying rules violation report ("RVR") issued on April 11, 2012.  (Id.
6   at 26.)

7   On August 7, 2015, the magistrate judge previously assigned to this matter screened
8   plaintiff's complaint and determined that it stated potentially-cognizable claims against
9   defendants Warden Tim Virga, Correctional Lieutenant R. Kramer, and Correctional Officer
10  J. Tuers.  (See ECF No. 21.)  At all pertinent times, the named defendants were employed at CSP-
11  SAC, where plaintiff is presently housed. Defendants have now filed a motion to dismiss, which
12  plaintiff opposes. (ECF Nos. 28, 31.) That motion is fully briefed and ready for disposition.

13  Previously, plaintiff filed a number of motions similar to those now pending before the
14  court. (See ECF Nos. 33, 34, 36, 37, 38, 39, 41.) On December 24, 2015, the undersigned issued
15  findings and recommendations recommending that all motions be denied. (ECF No. 42.) On
16  March 16, 2016, the Honorable Troy L. Nunley adopted the findings and recommendations in full
17  and denied all of plaintiff's motions for temporary restraining orders. (ECF No. 53.) During this
18  interval, however, plaintiff filed seven more motions for temporary restraining orders. He has
19  since filed two more motions..

20  **II.     Standard**

21  A temporary restraining order is an extraordinary measure of relief that a federal court
22  may impose without notice to the adverse party if, in an affidavit or verified complaint, the
23  movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the
24  movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The
25  purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller
26  hearing.

27  The standard for issuing a temporary restraining order is essentially the same as that for
28  issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d

832, 839 n.7 (9th Cir.2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). The moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2).

**III.    Analysis**

    **A.    December 23, 2015, Motion (ECF No. 43)**

In a motion filed on December 23, 2015, plaintiff alleges that, in retaliation for his filing of the instant lawsuit, he is being denied access to the courts, legal copies, legal research, and legal supplies. Plaintiff seeks an order directing that (i) defendant Tuers and one Arno Nappi Kramer have no contact with him and (ii) he be provided physical access to the law library.

Plaintiff's motion ought to be denied. Plaintiff has simply failed to establish that he is "likely to suffer irreparable harm in the absence of preliminary relief . . . ." Winter, 555 U.S. at

3

20. As there are no filing deadlines pending in this action, plaintiff has failed to establish an immediate need for law library access, legal research, legal copies, and legal supplies.  And he has provided no basis whatsoever for issuing the no-contact order that he seeks.

For these reasons, the court recommends that plaintiff's motion for a temporary restraining order, filed December 23, 2015 (ECF No. 43), be denied.

**B.     December 30, 2015, Motion (ECF No. 44)**

In a motion filed on December 30, 2015, plaintiff alleges again that he is being denied access to the law library and that the defendants are retaliating against him. For the reasons set forth supra, the undersigned will recommend that this motion be denied.

**C.     January 7, 2016, Motion (ECF No. 45)**

In the January 7, 2016, motion, plaintiff challenges an RVR he received in February 2014, claims that his due process rights were violated in relation to the RVR, and claims that the hearing on the RVR was not ADA compliant. Plaintiff seeks expungement of the RVR.

As previously discussed, plaintiff, in his complaint, challenges procedures at a disciplinary hearing held on May 4, 2012.  (ECF No. 1 at 34-35.)  As the RVR that plaintiff is challenging in the instant motion is dated February 2014, it would appear that this RVR has no relation to the substance of this action.  "A preliminary injunction, of course, is . . . a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1415 (9th Cir. 1984).  It is simply unnecessary to expunge the February 2014 RVR in order to preserve the status quo in this matter.  Further, plaintiff has failed to show that he is "likely to suffer irreparable harm" if the requested expungement is not immediately granted.  Winter, 555 U.S. at 20.

For these reasons, this motion should also be denied.

**D.     January 8, 2016, Motion (ECF No. 46)**

In the January 8, 2016, motion, plaintiff challenges another RVR dated May 7, 2013. As in his previous motion, plaintiff claims his due process and ADA rights were violated in relation to this RVR. For the reasons set forth above, this motion should be denied.

////

### E. February 1, 2016, Motion (ECF No. 48)

In the February 1, 2016, motion, plaintiff continues to claim that he is being denied access to the law library by the defendants, that this conduct is retaliatory, and that the defendants are conspiring with other custody staff to deny plaintiff access to the law library. Plaintiff seeks a court order granting him physical access to the law library and a "NO CONTACT COURT ORDER WITH PLAINTIFF." For the reasons previously discussed, this motion should be denied.

### F. February 25, 2016, Motion (ECF No. 51)

In the February 25, 2016, motion, plaintiff accuses defendant Tuers of retaliating against him by not responding in a timely manner to plaintiff's request for interview, item or service ("CDCR 22"). He also accuses this defendant of conspiring with others to deny plaintiff physical access to the law library.

Even taking plaintiff's allegations regarding defendant's failure to respond to certain requests as true, here is again no relation to the facts underlying this action. In addition, plaintiff's allegations of a conspiracy are vague and conclusory. Lastly, since plaintiff has no pending court deadlines, plaintiff cannot establish an immediate need for law library access.

In this motion, plaintiff also moves for appointment of counsel, though he submits no reason for the appointment. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

5

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

It is therefore recommended that plaintiff's motion for a temporary restraining order and appointment of counsel, filed February 25, 2016, be denied.

### G. March 10, 2016, Motion (ECF No. 52)

Finally, in the March 10, 2016, motion, plaintiff again accuses defendant Tuers of retaliating against him by denying him daily physical access to the law library. Plaintiff has filed CDCR 22 forms regarding defendant Tuers's conduct, but various non-party staff members have refused to respond to the requests. Because plaintiff contends that these actions will result in his death, he seeks to enter the "protective custody of the court."

Plaintiff's claims regarding law library access should be denied for the aforementioned reasons. Additionally, plaintiff fails to in any way substantiate the contention that he may be murdered. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). Finally, the court is uncertain what relief plaintiff is seeking in moving to be placed in the "protective custody of the court," and therefore cannot grant the requested order.

Accordingly, the undersigned recommends that plaintiff's motion for a temporary restraining order, filed March 10, 2016 (ECF No. 52), be denied.

### H. July 14, 2016, Motion (ECF No. 62)

In the July 14, 2016, motion, plaintiff claims that he is being denied daily access to the law library out of retaliation by defendant Tuers and the law librarian. For the reasons set forth supra, this motion should be denied.

### I. July 25, 2016, Motion (ECF No. 64)

In the July 25, 2016, motion, plaintiff states that he has initiated a hunger strike to protest his placement in the Sensitive Needs Yard, which was purportedly in retaliation for plaintiff's refusal to associate with prison informants. By way of relief, plaintiff seeks placement elsewhere and daily access to the courts. He asserts that he will be murdered if the court does not intervene

on his behalf. For the reasons previously discussed, this motion should be denied.

## IV.     Conclusion

Following the previous filing of seven apparently-meritless motions for temporary restraining orders in less than a month, plaintiff has now filed what amount to nine more meritless motions. As plaintiff was previously informed, these filings place a significant drain on this court's resources.  "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014). Plaintiff is hereby once again cautioned that if he continues to make meritless or frivolous filings, the court may issue an order limiting his ability to make continued filings in this case.

For the reasons set forth above,  IT IS HEREBY RECOMMENDED that plaintiff's motions currently docketed at ECF Nos. 43, 44, 45, 46, 48, 51, 52, 62, and 64 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 14, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;tuns2220.tro2