UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:14-cv-2220 TLN DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Before the court is defendants' motion to dismiss, which plaintiff opposes. (ECF Nos. 28, 31.) This matter is fully briefed and ready for disposition.

**I.      Relevant Background**

This action proceeds on plaintiff's complaint, which was filed on September 24, 2014. (ECF No. 1.) Therein, plaintiff alleges that he suffers from a hearing impairment, but does not read lips or know sign language, and therefore requires communication in writing.  According to plaintiff, he was not afforded effective communication in writing at a prison disciplinary hearing held at California State Prison-Sacramento ("CSP-SAC"), and as a result, was found guilty of a rules violation on May 4, 2012.  (ECF No. 1 at 34-35.)  Plaintiff claims that defendants' actions violated the ADA.

On August 7, 2015, the magistrate judge previously assigned to this matter screened plaintiff's complaint and determined that it stated potentially-cognizable claims against CSP-Sac defendants Warden Tim Virga, Correctional Lieutenant R. Kramer, and Correctional Officer J. Tuers.  (See ECF No. 21.)

Defendants have now filed a motion to dismiss, which plaintiff opposes. Defendants have filed a reply. This motion is fully briefed and ready for disposition.

**II.     Legal Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm, 680 F.3d at 1121.

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall, 629 F.3d at 998. However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

**III.    Discussion**

Defendants move for dismissal on three grounds: (1) plaintiff failed to properly exhaust his administrative remedies; (2) plaintiff cannot prosecute this action in forma pauperis because he has accumulated three-strikes within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1915(g); and (3) plaintiff is a class member of Armstrong v. Brown, Case

2

No. 94-2307 (N.D. Cal.). The undersigned finds that defendants' motion should be granted for plaintiff's failure to exhaust administrative remedies and will therefore focus its analysis on that argument.

### A.     Legal Standards

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Bock, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now inmates in California proceed through three levels of

appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services.

A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Bock, 549 U.S. at 204, 216. In 2014, the Ninth Circuit agreed with the underlying panel's decision[1] "that the burdens outlined in Hilao [v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996),] should provide the template for the burdens here." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (hereafter "Albino"). A defendant need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Once the defense meets its burden, the burden shifts to the plaintiff to show that the

---

[1] See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The three judge panel noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Id. at 1031. Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

administrative remedies were unavailable. See Albino, 747 F.3d at 1172.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino, 747 F.3d at 1172-73. When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (prisoner not required to proceed to third level where appeal granted at second level and no further relief was available).

If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120, overruled on other grounds by Albino, 747 F.3d 1162.

**B.     Plaintiff's Administrative Grievance**

Attached to plaintiff's complaint is a copy of the administrative grievance he filed on May 17, 2012, after the May 4, 2012, RVR hearing. See Compl. Ex. A (ECF No. 1 at 32-33). In that grievance, plaintiff complained that he was not informed of his Miranda rights and that he was questioned outside of the presence of an attorney. Notably, there is no mention of the lack of written communication during the RVR hearing, which serves as the basis of the ADA claim in this case.

Plaintiff's appeal was bypassed at the First Level of Review. See Compl. Ex. A (ECF No. 1 at 32).

On June 2, 2012, plaintiff was interviewed regarding the claims asserted in the grievance. See Compl. Ex. A (ECF No. 1 at 30). It was noted that "the appellant stated he had no further information to add to his appeal." See id.

Plaintiff's appeal was denied at the Second Level of Review. Compl. Ex. A (ECF No. 1 at 29-31). In the decision, plaintiff's claims were summarized as follows: "The appellant claims his due process was violated, since his constitutional right to remain silent was violated. Correctional Lieutenant R. Kramer, Senior Hearing Officer (SHO), conducted appellant's disciplinary hearing

5

on May 4, 2012. Lieutenant Kramer, subsequently, found him guilty of the charge and assessed 90 days credit forfeiture under a Division "D" offense…. The appellant is requesting the RVR be dismissed and his 90 days loss of behavioral credit be restored." Id. The appeal was denied after it was determined that plaintiff's rights were not violated. This decision made no mention of ineffective communication at the hearing.

Plaintiff's appeal was then denied at the Third Level of Review. Compl. Ex. A (ECF No. 1 at 26-27). Plaintiff's claims were summarized as follows: "It is the appellant's position that he was charged with a felony, but never informed of his Constitutional right to remain silent and have an attorney present during questioning. The appellant contends he was 'arrested' but the 'arresting officers' did not inform him of his Miranda rights. The appellant further contends the questioning by the Senior Hearing Officer (SHO) violated his rights as well." Id.

In the body of this third level decision, the reviewer addressed for the first time an effective communication claim: "In Section F of this appeal, the appellant claims to have not been afforded effective communication. A review of the Disability and Effective Communication System (DEC) indicates the appellant is listed in the Disability Placement Program, with a code of Hearing Impaired Not Impacting Placement. The DEC directs staff to 'speak loudly and clearly' to accommodate the appellant's disability. The examiner notes the SLR indicated effective communication was established with the appellant, and finds nothing was submitted to refute this fact." Id. at 27.

**C.     Analysis**

Defendants move for dismissal of this action due to plaintiff's failure to exhaust administrative remedies, which is evidenced by plaintiff's own submission of his grievance and the decisions thereon. The court therefore finds that defendants have met their threshold burden of establishing plaintiff's failure to exhaust the available administrative remedies on his claim before raising it in this action.

The burden now shifts to plaintiff, who argues that he did exhaust his administrative appeals as demonstrated by a Disability Placement Program Verification check form that was attached to his grievance indicating that he suffers from a hearing impairment. See Compl. at 45-

46. Plaintiff claims this form put staff on notice of his need for effective communication in writing. This argument lacks merit.

One of the purposes of the exhaustion requirement is to provide the institution an opportunity to resolve issues informally. See Woodford, 584 U.S. at 89. In order to accomplish this goal, an inmate must "describe the *specific* issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4) (emphasis added). Expecting the institution to guess at an inmate's claim by attaching a check form to his grievance—a check form that also indicated other health care needs, including wheelchair use and need for a helmet—does not meet this requirement. While it appears that the reviewer at the Director's Level of Review addressed a new claim regarding effective communication, the decision determined that plaintiff's hearing impairment was considered and accommodated at the RVR hearing. There is no suggestion, however, that this claim was based on the lack of *written* communication. Based on these facts, the court concludes that plaintiff has not met his burden.

Since plaintiff has presented no other arguments and has not argued that his failure to exhaust was effectively excused, the court determines that defendants' motion must be granted for plaintiff's failure to exhaust his administrative remedies.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be granted for plaintiff's failure to exhaust his administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections.

////

////

////

7

1     Failure to file objections within the specified time may waive the right to appeal the
District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 14, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;tuns2220.mtd.v2